UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOMIKA M.,

    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant*.

_____/

CASE NO. 3:20-cv-13069

Judith E. Levy
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR ATTORNEY FEES (ECF No. 30)**

**I. RECOMMENDATION**

For the following reasons, **I RECOMMEND** that Petitioner's motion for an award of attorney fees under 42 U.S.C. § 406(b) (ECF No. 30) be **DENIED**.

**II. REPORT**

    **A. Introduction and Background**

Plaintiff applied for disability insurance benefits ("DIB") on April 5, 2010 and was awarded benefits on May 17, 2012, following a hearing before an administrative law judge ("ALJ"). (ECF No. 17, PageID.203–04.) After the Commissioner determined that Plaintiff's disability had ended on August 17, 2017, (*id.* at PageID.84, 232), Plaintiff requested reconsideration by a State Agency Disability Hearing Officer who upheld Plaintiff's cessation of benefits. (*Id.* at PageID.84, 278–

1

82). Plaintiff subsequently requested a hearing before an ALJ which was held on September 4, 2019. (*Id.* at PageID.148, 258–62). Plaintiff was not represented by counsel at this hearing. (*Id.* at PageID.150). The ALJ found that Plaintiff was not disabled, and the Appeals Council upheld his decision. *(Id.* at PageID.81, 75).

Plaintiff then filed for judicial review of the Commissioner's final decision, and on December 10, 2021, the District Court adopted my recommendation to remand the case to the administrative level for further proceedings. (ECF Nos. 1, 25, 26). The following March, the Court granted a motion for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, awarding attorney fees in the amount of $6,222.25. (ECF No. 29, PageID.1376).

On remand, the Commissioner determined that Plaintiff was disabled, and on May 20, 2023, the Administration notified her that it would award her $59,088 in past-due benefits and that it would award her child $14,131 in past-due benefits. (ECF No. 30-3, PageID.1387, 1389; ECF No. 30-4, PageID.1394–95). The Administration indicated that it would withhold twenty-five percent of each fund, totaling $18,304, to pay any attorney fees later awarded to Plaintiff's counsel. (ECF No. 30-3, PageID.1389; ECF No. 30-4, PageID.1395).

Just five days after receiving this notice, Plaintiff's counsel petitioned this Court for attorney fees under 42 U.S.C. 406(b). (ECF No. 30). His petition indicates that he received $7,200 for his work at the administrative level, and—operating

under the belief that both his fee agreement and the Social Security Act prohibit him from collecting more than twenty-five percent of Plaintiff's past-due benefits—he requested the remainder of the withheld funds, totaling $11,104. (ECF No. 30-1, PageID.1380–81). He also states that if awarded fees for his work before this Court, he would refund the EAJA award, or $6,222.25, to Plaintiff. (*Id.* at PageID.1382).

But less than a week after Counsel moved for a fee award, the Administration notified Plaintiff that it had erroneously calculated the past-due benefits for her and her child. (ECF Nos. 36-2, 36-4). Because Plaintiff and her child elected to receive reduced benefits while she appealed their cessation of benefits, their past-due benefits totaled only $43,708. (*See* ECF No. 36, PageID.1420–21 & n.1; ECF No. 36-2, PageID.1425; ECF No. 36-4, PageID.1431). The letter clarified that the Administration adjusted the amount withheld from Plaintiff's past-due benefits accordingly, but it did not state whether the Administration adjusted the amount withheld from Plaintiff's child's past-due benefits. (ECF No. 36-2, PageID.1425).

The Commissioner asks the Court not to award any fees to Plaintiff's counsel, arguing that under the reduced past-due benefit amount, Counsel cannot recover more than the EAJA award. (ECF No. 36, PageID.1420–21). Because Counsel must use any fee award to refund the EAJA award to Plaintiff, awarding fees would be a futile endeavor. (*Id.*) Plaintiff's counsel did not reply to the Commissioner's brief.

3

**B. Legal Standards**

"The prescriptions set out in [section] 406(a) and [subsection] (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Section 406(a) addresses payment for representation in administrative proceedings before the Commissioner, whereas section 406(b) deals with payment for representation in court. 42 U.S.C. § 406(a)–(b) (2018).

Under § 406(a)(A), where a claimant is entitled to past-due benefits, a fee may be paid to the claimant's representative for services rendered at the administrative level. If the representative worked for a contingency, then that fee may not exceed the lesser of twenty-five percent of the amount of past-due benefits, or $6,000. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II); Maximum Dollar Amount in the Fee Agreement Process, 74 Fed. Reg. 6080–02 (Feb. 4, 2009); *see Gisbrecht*, 535 U.S. at 794–95. Although contingency fees at the administrative level are generally capped at $6,000, a claimant's representative may petition the ALJ to award fees in excess of the $6,000 cap. 42 U.S.C. § 406(a)(3).

Under § 406(b), where a claimant is "represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A). However, that award must not exceed "[twenty-five] percent of the total of the past-due benefits." *Id*. Notably,

4

unlike awards for work performed at the trial level, awards for work before the district court are not capped at $6,000. *See id.*

Although fees awarded under § 406(a) and § 406(b) are both capped at twenty-five percent of past-due benefits, both awards to be considered separately; an attorney's *aggregate* fees are not capped at twenty-five percent. *Culbertson v. Berryhill*, 139 S. Ct. 517, 521–24 (2019). Put another way, an attorney may receive up to twenty-five percent of past due benefits for his or her work at the administrative level *and* he or she may also receive up to twenty-five percent for work in the judiciary. *Id.* Thus, attorneys "may receive total fees exceeding twenty-five percent of the claimant's benefits award." *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 457 (6th Cir. 2016).[1]

### C. Analysis

Petitioner asks the court to award him $11,104 in attorney fees. To arrive at this amount, Petitioner calculated twenty-five percent of Plaintiff and her child's past-due benefits ($73,219) for a total of $18,304. (ECF No. 30-1, PageID.1380–81). From here, Petitioner—believing his aggregate fees to be capped at twenty-five

---

[1] That remains true despite the Administration's current practice of only withholding twenty-five percent of a Claimant's past-due benefits, even where the claimant's attorney has performed work in the judiciary. *Culbertson*, 139 S. Ct. at 522–23. "[T]he amount of past-due benefits that the agency can withhold for direct payment does not delimit the amount of fees that can be approved for representation before the agency or the court." *Id.* at 523.

5

percent—subtracted the fees he obtained for his work at the administrative level ($7,200) leaving him with $11,104 to request from this Court. (*Id.*)

There are a couple mistakes in this calculation. First, the award letters indicating that the Administration owed Plaintiff and her daughter $73,219 in past-due benefits were incorrect. (*See* ECF No. 36, PageID.1420–21 & n.1; ECF No. 36-2, PageID.1425; ECF No. 36-4, PageID.1431). Indeed, these amounts included $29,512 in benefits that Plaintiff and her daughter received throughout the appeals process. (ECF No. 36, PageID.1420–21 & n.1). Thus, the past-due benefits at issue total only $43,707. Petitioner does not dispute this.

Second, Petitioner need not have subtracted the $7,200 he obtained at the administrative level from his fee request. As explained above, § 406(b) allows Petitioner to obtain up to twenty-five percent of the past-due benefits "for" his "represent[ation]" before the court"—irrespective of whatever award he might obtain at the administrative level. 42 U.S.C. § 406(b)(1)(A); *see also Culbertson*, 139 S. Ct. at 521–24. So too, Petitioner's fee agreement does not limit his aggregate fees to twenty-five percent of the past-due benefits. Although Petitioner states that the fee agreement entitles him to "twenty-five percent of the past-due benefits," the agreement he cites contains no such limitation. (ECF No.30-1, PageID.1380 (citing ECF No. 30-2)). Instead, the agreement tracks the language of § 406(b), informing Plaintiff that Petitioner may ask the Court to award "up to" twenty-five percent of

6

the past-due benefits "for work before the court"—not "for work before the Court *and* at the administrative level." (ECF No. 30-2, PageID.1384). Thus, Petitioner could have requested up to $10,926.75 for his work before this Court.

These mistakes create some ambiguity as to what fee award Counsel requests from the Court. On one hand, Petitioner requested $11,104, of which he can recover $10,926.75 with $4,704.50 left over after any EAJA offset.[2] On the other, Petitioner arrived at the $11,104 figure because he desired to cap his aggregate fees at twenty-five percent. (ECF No. 30-1, PageID.1380–81). Although Petitioner may have sought this aggregate cap due to a misunderstanding of § 406(b), his fee request unequivocally seeks an award that would limit aggregate fees to twenty-five percent of the past-due benefits—an award he would have to return to Plaintiff in its entirety under the EAJA. (*Id.*; ECF No. 36, PageID.1420–21 & n.1); *see Gisbrecht*, 535 U.S. at 795–96. In effect, the motion asks for two mutually exclusive sums of money, leaving the Court to speculate as to whether Petitioner desires $11,104 or $3,723.75 (twenty-five percent of the past-due benefits less the award for his work at the administrative level).

---

[2] *See Gisbrecht*, 535 U.S. at 795–96 (where fees are awarded under both EAJA and § 406(b), counsel must "[r]efund to the claimant the amount of the smaller fee."); *Astrue v. Ratliff*, 560 U.S. 586 (2010) (fees under § 406(b) are offset by any award of EAJA fees).

7

In some circumstances, such ambiguity need not prevent a court from awarding a fee amount it deems just. Section 406(b) gives courts discretion to "determine . . . a reasonable fee" for an attorney's representation. 42 U.S.C. § 406(b)(1)(A). Thus, the plain language of the statute allows courts to award a reasonable fee even where counsel does not request a specific dollar amount. (*Id.*)

Yet the Court cannot do so here. The Court's local rules require all motions for attorney fees to specify "the fees sought." E.D. Mich. LR 54.2(b)(4). Likewise, Petitioner's fee agreement simply recognizes that he may "ask the court" for an award of up to twenty-five percent of the past-due benefits. (ECF No. 30-2, PageID.1384). Thus, the agreement implicitly caps Petitioner's fee at the amount he "seeks" from the Court. (*Id.*) So under both the local rules and the fee agreement, Petitioner must specify the amount he seeks to recover. But Petitioner fails to do so. Because Petitioner makes two potential requests, without clarifying which figure he intends to pursue, the Court cannot determine what "fees" are "sought." E.D. Mich. LR 54.2(a)(b)(1).

The Court should deny Petitioner's motion on that basis. And it should do so with prejudice, prohibiting Petitioner from renewing his motion to clarify his requested fee amount. A motion to recover attorney fees in social security matters must be filed "no later than 14 days after entry of judgment or receipt of the social security certificate award (notice of award), whichever is later." *Frontera v.*

*Comm'r of Soc. Sec.*, No. 2:16-cv-13332, 2019 WL 13107381, at *2 (E.D. Mich. Oct. 4, 2019) (internal quotation marks omitted) (quoting E.D. Mich. LR 54.2(a)); *see Bentley v. Comm'r of Soc. Sec.*, 524 F. Supp. 2d 921, 922–25 (W.D. Mich. 2007). This deadline has long passed. And while courts may toll the deadline to move for attorney fees where the movant's tardiness "unavoidably arose from circumstances beyond that [movant's] control," Petitioner could have avoided any need to renew his motion by filing a reply brief. *Frontera*, 2019 WL 13107381, at *4; *see also Garland v. Astrue*, 492 F. Supp. 2d 216, 220 (E.D.N.Y. 2007). Indeed, the Commissioner's response brief identified the corrected past-due amount. (ECF No. 36). Although Petitioner might not have realized that he could have requested up to $10,926.75 because he believed his aggregate award to be capped at twenty-five percent, he could have avoided this mistake by staying abreast of binding precedent in his practice area. *See Culbertson*, 139 S. Ct. at 521–24. In short, Petitioner had access to all information necessary to clarify his desired fee award before his reply brief was due. Because Petitioner neglected to do so, the Court should not allow him leave to renew his motion.

### D. Conclusion

For these reasons, **I RECOMMEND** that the motion for attorney fees (ECF No. 30) be **DENIED**.

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," *et cetera*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *et cetera*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 18, 2023                    S/PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge